Connecticut Local Form 420B (Notice of Objection to Claim)                                              03/2023

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

In re:

| Ho Wan Kwok; Genever Holdings LLC; Genever Holdings Corporation (Jointly Administered) |
|---|

*[Set forth here all names including married, maiden, and trade names used by debtor within last 8 years.]*
Debtor(s)

Case No. : | 22-50073

Chapter: | 11

## NOTICE OF OBJECTION TO CLAIM

| Claim No: | Claimant: |
|---|---|
| 3-1 | Qiang Guo |

Genever Holdings LLC has filed an objection to your claim in this bankruptcy case.

**<u>Your claim may be reduced, modified, or eliminated.</u> You should read these papers carefully and discuss them with your attorney, if you have one.**

[**<u>Note to Objecting Party</u>**: You must choose a response date that is at least thirty (30) days after the date the Objection to Claim is filed, unless otherwise ordered.]

If you do not want the Court to eliminate or change your claim, then on or before

| **May 1, 2023** |
|---|

you or your lawyer must file with the Court a written response to the objection, explaining your position.

If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the date stated above. Your response should be mailed to:

United States Bankruptcy Court
District of Connecticut
915 Lafayette Boulevard, Bridgeport CT 06604

Connecticut Local Form 420B (Notice of Objection to Claim)                                                                03/2023

In re: | Ho Wan Kwok; Genever Holdings LLC; Genever Holdings Corporation (Jointly Administered)

Case No. : 22-50073

Chapter: 11

*[Set forth here all names including married, maiden, and trade names used by debtor within last 8 years.]*
Debtor(s)

A copy of your response should also be mailed to:

Douglass Barron, Esq., Paul Hastings LLP, 200 Park Ave., New York, NY 10166

(Objector and Objector's attorney, if applicable, name and address)

(Names and addresses of others to be served)

       If you or your attorney do not take these steps, the Court may decide that you do not oppose the objection to your claim.

Date: | March 31, 2023

Signature: | /s/ Douglass Barron

Name: | Douglass Barron

Address: | Paul Hastings LLP
200 Park Ave
New York, NY 10166

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

```
------------------------------------------------------x
                                          :
In re:                                    :   Chapter 11
                                          :
HO WAN KWOK, et al.,¹                     :   Case No. 22-50073 (JAM)
                                          :
              Debtors.                    :   (Jointly Administered)
                                          :
------------------------------------------------------x
```

## <u>OBJECTION TO PROOF OF CLAIM NUMBER 3-1 FILED BY QIANG GUO</u>

Genever Holdings LLC ("<u>Genever (US)</u>"), one of the Debtors in the above-captioned chapter 11 cases ("<u>Chapter 11 Cases</u>"), files this objection (the "<u>Objection</u>"), seeking entry of an order, substantially in the form attached hereto as **<u>Exhibit 1</u>** (the "<u>Proposed Order</u>"), disallowing proof of claim number 3-1 (the "<u>Disputed Claim</u>") filed by Qiang Guo against Genever (US).  In support of this Objection, Genever (US) respectfully represents as follows:²

## <u>JURISDICTION AND VENUE</u>

1.        This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.        Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1]        The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]        A copy of the Disputed Claim is attached hereto as **<u>Exhibit 2</u>**.

3.      The statutory predicates for the relief requested herein are in sections 105 and 502 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

## RELIEF REQUESTED

4.      By this Objection, Genever (US) seeks entry of an order, substantially in the form of the Proposed Order attached hereto, disallowing and expunging the Disputed Claim.

## BACKGROUND

### A.  Commencement of Chapter 11 Cases

5.      On October 12, 2020, Genever (US) filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>SDNY Bankruptcy Court</u>"), thereby commencing case number 20-12411 (JLG) (the "<u>SDNY Bankruptcy Case</u>").

6.      No chapter 11 trustee or examiner was appointed in the SDNY Bankruptcy Case.

7.      Genever (US) is an LLC whose sole member is Genever Holdings Corporation ("<u>Genever BVI</u>").  On February 15, 2022, Ho Wan Kwok (the "<u>Individual Debtor</u>"), holder of 100% of the shares of Genever BVI and father of Qiang Guo, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.

8.      On June 15, 2022, the Court entered an order directing the United States Trustee to appoint a trustee in the chapter 11 case of the Individual Debtor (the "<u>Trustee Order</u>") [Docket No. 465].

9.      On July 7, 2022, the United States Trustee filed the notice and application with respect to the appointment of Luc A. Despins as the chapter 11 trustee (the "<u>Trustee</u>") in the Individual Debtor's case pursuant to section 1104(d) of the Bankruptcy Code.  [Docket No. 515].

10.     On July 8, 2022, the Bankruptcy Court entered an order granting the appointment of the Trustee in the Individual Debtor's case.  [Docket No. 523].

11.     On August 10, 2022, the Court entered an order (the "Corporate Governance Order")  [Docket No. 717] confirming the Trustee's economic and governance rights with respect to entities controlled by the Individual Debtor, including Genever BVI and Genever (US), providing, among other things:

> [T]he Trustee holds all of the [Individual] Debtor's economic and governance rights, for the benefit of the Estate, with respect to all [Individual] Debtor-Controlled Entities, including, without limitation, Genever (BVI).  For the avoidance of doubt, the foregoing rights include the Trustee's asserted authority to replace any existing officer, director, manager, or similar person of the [Individual] Debtor-Controlled Entities.  As part of the foregoing, to the extent necessary, the Trustee is authorized to act, in his capacity as the chapter 11 trustee in this Chapter 11 Case, as any such officer, director, manager, or similar person who has been removed.

Corporate Governance Order ¶ 2.

12.     On September 30, 2022, the Trustee and Genever (US) filed the joint motion to transfer venue of Genever (US)'s chapter 11 case to this Court [Docket No. 211 in Case No. 20-12411 (JLG)] (the "Venue Transfer Motion").  By order dated November 3, 2022, the SDNY Bankruptcy Court granted the Venue Transfer Motion.

13.     On October 11, 2022, Genever (BVI) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.

14.     No trustee or official committee of unsecured creditors has been appointed in Genever (BVI)'s chapter 11 case.

15.     October 14, 2022, the Court entered an order granting joint administration of the Individual Debtor's chapter 11 case and Genever (BVI)'s chapter 11 case [Docket No. 970].

16.     On November 21, 2022, this Court entered an order approving the joint administration of the chapter 11 cases of the Individual Debtor, Genever (BVI), and Genever (US) [Docket No. 1141].

**B.  The Apartment and Disputed Claim**

17.     On March 6, 2015, Genever (US) purchased 3,050 shares of stock in Sherry-Netherland, Inc. (the "Sherry-Netherland") and entered into those certain proprietary leases, as lessee, with the Sherry-Netherland, as lessor, for apartment units 1801, 719 and 2219 (collectively, the "Apartment") located at 781 Fifth Avenue, New York, New York 10022, appurtenant to the shares of stock.

18.     On March 5, 2021, Bravo Luck Limited ("Bravo Luck"), an entity allegedly owned by Qiang Guo, the Individual Debtor's son, filed a proof of claim in the SDNY Bankruptcy Case asserting, among other things, that it is the beneficial owner of the Apartment by virtue of a purported trust agreement dated February 17, 2015 (the "Purported Trust Agreement").[3]  In the alternative, Bravo Luck asserted a general unsecured claim against Genever (US) for $76,296,746.85 based on payments alleged to have been made in connection with the purchase the Apartment and related expenses, $13,306,005.00 of which were allegedly paid by Qiang Guo personally.[4]

19.     Also on March 5, 2021, Qiang Guo filed the Disputed Claim asserting a general unsecured claim for the reimbursement of the $13,306,005.00 purportedly paid by Qiang Guo

---

[3]    The Trustee has commenced adversary proceedings challenging the Purported Trust Agreement (Consolidated Adv. Proc. No. 22-05027).  Genever (US) does not seek a determination as to Bravo Luck's purported beneficial interest in the Apartment pursuant to this claim objection.

[4]    In his adversary proceedings challenging the Purported Trust Agreement, the Trustee asserts, among other things, that these funds, whether purported to be paid by Bravo Luck or Qiang Guo, in reality belonged to the Individual Debtor.

personally with respect to the Apartment.[5]  The Disputed Claim is asserted on a contingent basis,

in the event that (a) Bravo Luck is determined not to own the Apartment, and (b) the funds

purportedly paid by Qiang Guo personally do not give rise to a claim by Bravo Luck.

## BASIS FOR RELIEF

### A.  Legal Standard

20.     Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof

of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . .

objects." 11 U.S.C. § 502(a).  Additionally, Bankruptcy Rule 3001(f) provides a properly filed

proof of claim is *prima facie* evidence of the claim. However, for the proof of claim to receive

*prima facie* validity, it must "set forth the facts necessary to support the claim."  *In re Chain*, 255

B.R. 278, 280 (Bankr. D. Conn, 2000) (internal quotation omitted); *In re Marino*, 90 B.R. 25, 28

(Bankr. D. Conn. 1988); *see also In re Avaya, Inc*., 608 B.R. 366, 369-70 (Bankr. S.D.N.Y.

2019) (providing a claimant must allege facts that if true would support a ruling the debtor is

legally indebted to the claimant).

21.     Once a party rebuts *prima facie* validity, the claimant then bears the burden to

"prove by a preponderance of the evidence that under applicable law the claim should be

allowed." *Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, No. 12

Civ. 6074, 2013 WL 5549643, at *3 (S.D.N.Y. Sept. 26, 2013) (internal quotation marks

omitted); *See also In re Residential Capital, LLC*, No. 15 Civ. 3248, 2016 WL 796860, at *9

---

[5]     On the Disputed Claim, Qiang Guo listed, as his personal address, the address of the law firm of Berkeley
Rowe.  As the Court will recall, a Berkeley Rowe solicitor, Leonard Scudder, recently tried to testify in support
of Mei Guo and HK International Funds Investments (USA) Limited, LLC ("HK USA") in connection with the
adversary proceeding commenced by HK USA with respect to the Lady May.

(S.D.N.Y. Feb. 22, 2016) ("Once a party objects … courts employ a burden-shifting framework to determine whether a claim should be allowed or disallowed.").

### B. Disputed Claim Is Not *Prima Facie* Valid

22.     Qiang Guo asserts a general unsecured claim "for reimbursement of all funds he paid at closing and any other amounts paid related to the Apartment's purchase or maintenance." Addendum to Disputed Claim ¶ 7, but provides no legal basis by which Genever (US) is obligated to reimburse Qiang Guo for such, nor does Qiang Guo allege any facts, that if true, would support a finding he has a right to payment from Genever (US). Just because Genever (US) may have indirectly benefitted from Qiang Guo's expenditures does not mean Genever (US) has a legal obligation to Qiang Guo. *See In re Keeley & Grabanski Land P'Ship*, No. 10–31482, 2013 WL 238570, at *13 (Bankr. D.N.D. May 30, 2013) ("Although someone may receive a benefit from the expenditure of money, a legal obligation or a right to payment is not necessarily created. Claims arise under substantive law.").

23.     Moreover, while Qiang Guo attached to the Disputed Claim certain closing documents relating to the transfer of the Apartment and checks from Qiang Guo allegedly related to the Apartment, these do not support a finding that Qiang Guo has a right to payment from Genever (US).  There is nothing in the documents attached to the Disputed Claim memorializing an agreement that Genever (US) would reimburse Qiang Guo for his alleged contributions, nor do they contain information that would otherwise demonstrate Qiang Guo has a claim under applicable law.

24.     Genever (US) does not recognize any liability for the Disputed Claim and the documents attached to the Disputed Claim do not establish Genever (US) is liable to Qiang Guo. Accordingly, the Disputed Claim should be disallowed and expunged in its entirety.

**Reservation of Rights**

25.     This Objection is not limited to the grounds stated herein.  Accordingly, it is without prejudice to the rights of Genever (US) to object to the Disputed Claim on any ground whatsoever.  Genever (US) expressly reserves all further substantive or procedural objections, including under section 502(d) of the Bankruptcy Code. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against Genever (US); (b) a waiver of Genever (US)'s right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; or (e) a waiver of the Genever (US)'s rights under the Bankruptcy Code or any other applicable law.

*[Remainder of page intentionally left blank.]*

7

**WHEREFORE**, Genever (US) respectfully requests that the Court disallow the Disputed

Claim and grant such other and further relief as is just.

Dated:      March 31, 2023                        GENEVER HOLDINGS LLC
                New Haven, Connecticut

                                                    By: */s/ Douglass Barron*
                                                        Avram E. Luft (admitted *pro hac vice*)
                                                        Douglass Barron (admitted *pro hac vice*)
                                                        PAUL HASTINGS LLP
                                                        200 Park Avenue
                                                        New York, New York 10166
                                                        (212) 318-6079
                                                        aviluft@paulhastings.com
                                                        douglassbarron@paulhastings.com

                                                            *and*

                                                        Nicholas A. Bassett (admitted *pro hac vice*)
                                                        PAUL HASTINGS LLP
                                                        2050 M Street NW
                                                        Washington, D.C., 20036
                                                        (202) 551-1902
                                                        nicholasbassett@paulhastings.com

                                                            *and*

                                                        Douglas S. Skalka (ct00616)
                                                        Patrick R. Linsey (ct29437)
                                                        NEUBERT, PEPE & MONTEITH, P.C.
                                                        195 Church Street, 13th Floor
                                                        New Haven, Connecticut 06510
                                                        (203) 781-2847
                                                        dskalka@npmlaw.com
                                                        plinsey@npmlaw.com

                                                        *Counsel for Genever Holdings LLC*

# EXHIBIT 1

## **PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                          :
In re:                                    :    Chapter 11
                                          :
HO WAN KWOK, *et al*.,[1]                 :    Case No. 22-50073 (JAM)
                                          :
          Debtors.                        :    (Jointly Administered)
                                          :
-------------------------------------------------------x

**ORDER DISALLOWING AND EXPUNGING CLAIM NO. 3-1 FILED BY QIANG GUO**

        Upon the objection (the "Objection")[2] of Genever Holdings LLC ("Genever (US)"),

pursuant to sections 502(b) and 105(a) of title 11 of the United States Code (the "Bankruptcy

Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

seeking entry of an order (this "Order") disallowing Claim No. 3-1 filed by Qiang Guo (the

"Disputed Claim") and granting related relief, all as more fully set forth in the Objection; and the

Court having jurisdiction to consider the Objection and the relief requested therein in accordance

with 28 U.S.C. § 1334; and consideration of the Objection and the relief requested therein being

a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the

Objection having been provided, and it appearing that no other or further notice need be

provided; and such notice having been adequate and appropriate under the circumstances; and

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
       Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever
       Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The
       mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul
       Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho
       Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not otherwise defined have the meanings set forth in the Objection.

the Bankruptcy Court having held a hearing to consider the relief requested in the Objection on [

] (the "Hearing"); and upon the record of the Hearing, and upon all of the proceedings had before

the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual

bases set forth in the Objection establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor,

it is hereby ORDERED THAT:

1.      The Objection is granted to the extent set forth herein.

2.      Pursuant to sections 502(b) and 105(a) of the Bankruptcy Code and Bankruptcy

Rule 3007 the Disputed claim is disallowed and expunged in its entirety.

3.      The terms and conditions of this Order are effective immediately upon entry.

4.      Genever (US) and the Clerk of the Court are authorized to take all steps necessary

or appropriate to effectuate the relief granted pursuant to this Order.

5.      The Bankruptcy Court retains jurisdiction with respect to all matters arising from

or related to the implementation of this Order.

**EXHIBIT 2**

## DISPUTED CLAIM

**Fill in this information to identify the case:**

Debtor 1   Genever Holdings LLC

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court   **Southern District of New York**

Case number:  **20–12411**

FILED

**U.S. Bankruptcy Court**
**Southern District of New York**

3/5/2021

**Vito Genna, Clerk**

## Official Form 410
## Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must **leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:   Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | Qiang Guo |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Qiang Guo | |
| Name | Name |
| c/o Berkeley Rowe<br>Marble Arch Park House, 116 Park St<br>Mayfair, London UK W1K 6SS | |
| Contact phone _____ | Contact phone _____ |
| Contact email _____ | Contact email _____ |
| Uniform claim identifier for electronic payments in chapter 13 (if you use one): | |
| _____ | |

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6.**Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |

| | | |
|---|---|---|
| 7.**How much is the claim?** | $ 13306005.00 | **Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8.**What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>See attached addendum |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ _____<br><br>**Amount of the claim that is secured:** $ _____<br><br>**Amount of the claim that is unsecured:** $ _____  (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $ _____<br><br>**Annual Interest Rate** (when case was filed) _____ %<br><br>☐  Fixed<br>☐  Variable |

| | |
|---|---|
| 10.**Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |

| | |
|---|---|
| 11.**Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply:* | | Amount entitled to priority |
|---|---|---|---|---|

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $ _____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $ _____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies    $ _____

* Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
**18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    3/5/2021
_____
MM / DD / YYYY

/s/  Qiang Guo
_____
Signature

Print the name of the person who is completing and signing this claim:

Name    Qiang Guo
_____
First name    Middle name    Last name

Title    _____

Company    _____
Identify the corporate servicer as the company if the authorized agent is a servicer

Address    c/o Berkeley Rowe, 116 Park St
_____
Number   Street
Mayfair, London UK W1K 6SS,
_____
City  State  ZIP Code

Contact phone    _____    Email    _____

**Fill in this information to identify the case:**

Debtor 1 ___Genever Holdings LLC___

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: Southern District of New York

Case number ___20-12411 (JLG)___

## Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309)** that you received.

---

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Qiang Guo
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Qiang Guo c/o Berkeley Rowe
Name

Marble Arch Park House, 116 Park St.
Number        Street

Mayfair, London          UK          W1K 6SS
City                        State              ZIP Code

Contact phone _____

Contact email _____

**Where should payments to the creditor be sent?** (if different)

Name _____

Number        Street _____

City                        State              ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

---

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$_____13,306,005.00_  **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).   See attached addendum

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See attached addendum _____

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                              $_____

**Amount of the claim that is secured:**     $_____

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**     $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**     $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.

$_____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

### Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  03 / 05 / 2021
                  MM / DD / YYYY

_Signature_

Print the name of the person who is completing and signing this claim:

Name     Qiang Guo
         First name          Middle name          Last name

Title    _____

Company  _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  c/o Berkeley Rowe, Marble Arch Park House, 116 Park St.
         Number     Street
         Mayfair, London                UK          W1K 6SS
         City                           State        ZIP Code

Contact phone  _____        Email  _____

---

**GENEVER HOLDINGS LLC**
**UNITED STATES BANKRUPTCY COURT FOR**
**THE SOUTHERN DISTRICT OF NEW YORK, CASE NO. 20-12411**
**ADDENDUM TO PROOF OF CLAIM OF QIANG GUO**

Qiang Guo ("Guo") hereby submits this addendum to his attached proof of claim (the "Proof of Claim"). As set forth below and asserted through the Proof of Claim, Genever Holdings LLC (the "Debtor") is liable to Guo in the amount of not less than $13,306,005.00, plus interest in an amount to be calculated (the "Claim Amount").

**BACKGROUND RELATED TO QIANG GUO'S CLAIM**

1.     Bravo Luck Limited ("Bravo Luck") is a BVI Business Company incorporated in the British Virgin Islands. Guo is the sole shareholder of Bravo Luck.

2.     In early 2015, Bravo Luck identified the 18th Floor apartment of the Sherry-Netherland, Inc. (the "Sherry-Netherland"), 781 Fifth Avenue, New York, New York 10022 (including certain personalty and servant's rooms located at units 2219 and 719, collectively, the "Apartment") as a potential investment property. Bravo Luck was always intended to be the ultimate owner of the Apartment, however, after initial discussions between Guo and/or his agents, Guo was advised that the Application would likely be more successful if an older, more established individual was the nominal applicant. Therefore, Miles Kwok ("Kwok") was brought in to be the established individual supporting the Debtor's application for the Apartment. In furtherance of the transaction, Bravo Luck, Kwok, the Debtor and Genever Holdings Corporation ("Genever BVI" and, with the Debtor, the "Genever Entities") entered into a trust agreement to make clear that Kwok as the trustee was holding the Genever Entities and the income, profits, and dividends thereof (if any) in trust for Bravo Luck as the beneficial owner of the Genever Entities and, thus, the Apartment.

3.      Despite the need to bring in an individual applicant older than Guo to support the Apartment purchase, the records clearly indicate that the funds to buy and maintain the Apartment were advanced, directly or indirectly, by Bravo Luck.  On March 4, 2015, Bravo Luck transferred $62,990,741.86 to Ivey Barnum and O'Mara, LLC, the attorneys for the seller of the Apartment.  The memo line of the wire transfer provided that the funds were to "buy a property in New York."  On March 5, 2015, Bravo Luck transferred $6,300,000.00  to Guo to satisfy various expenses expected to arise at closing.

4.      On March 6, 2015, the sale of the Apartment closed.  Guo was in attendance at the closing as an officer and representative of Bravo Luck.  The chart below identifies the specific amounts that were paid by Guo on behalf of Bravo Luck related to the purchase of the Apartment.  Attached hereto as **Exhibit A** are excerpts from closing memoranda showing the payment of these amounts:

| Amount | Purpose |
| --- | --- |
| $7,000,000 | Contract deposit related to Apartment purchase |
| $3,369,000 | Apartment's maintenance escrow |
| $1,350,000 | 2% flip tax on Apartment |
| $56,150.00 | Apartment's March 2015 maintenance |
| $1,871.67 | March 2015 hallway license fee |
| $675,000 | 1% New York mansion tax |
| $33,622.50 | For Stoock & Stroock legal fees |
| $221,875.00 | New York sales tax of 8.875% |
| $600.00 | For lien search on Apartment |
| $275,000 | For Paul Weiss legal fees |
| $26,000 | Contract deposit for servant's room (unit 719) |
| $234,000 | Balance of purchase price of servant's room (unit 719) |
| $935.83 | Paid at closing for March 2015 maintenance on servant's room (unit 719) |
| $600.00 | Paid at closing for lien search on servant's room (unit 719) |
| $5,200.00 | Paid at closing for 2% flip tax on servant's room (unit 719) |
| $56,150.00 | Paid at closing for maintenance escrow on servant's room (unit 719) |
| **$13,306,005.00** | |

2

**Genever US's Bankruptcy Filing**

5.     On October 12, 2020, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Southern District of New York.

**QIANG GUO'S GENERAL UNSECURED CLAIM**

6.     Bravo Luck asserts that it is the beneficial owner of the Apartment with the Apartment being held in trust by Kwok and the Genever Entities for Bravo Luck's benefit. Thus, the Apartment and any proceeds from its sale remain property of Bravo Luck—not property of the Debtor.

7.     If, however, (i) a court with jurisdiction over Bravo Luck determines that Bravo Luck does not own the Apartment by virtue of the Apartment being held in trust by Kwok and the Genever Entities (including the Debtor); and (ii) the funds paid directly by Guo do not give rise to a claim by Bravo Luck against the Debtor, then Guo hereby asserts a general unsecured claim against the Debtor in an amount not less than $13,306,005.00 for reimbursement of all funds he paid at closing and any other amounts paid related to the Apartment's purchase or maintenance.

8.     Additionally, if the Apartment's maintenance deposit, funded by the check written by Guo on the closing date, is applied on a postpetition basis, Guo reserves the right to amend this claim to assert that any such amounts are entitled to administrative expense priority or to file a motion asserting the same.

9.     Furthermore, to the extent that a court with jurisdiction over Bravo Luck determines that Bravo Luck does not own the Apartment, Guo expressly reserves the right to recover interest on the Claim Amount.

3

## RESERVATION OF RIGHTS

10.       This Proof of Claim is in addition to, and not in lieu of, any and all other

claims, rights and remedies held by Guo in the bankruptcy case.  This Proof of Claim is filed

with a full reservation of rights and remedies, including the right to assert additional, modified,

supplementary and/or amended proofs of claim and requests for administrative expenses directly

or indirectly related to the Apartment and with full reservation of (1) Guo's rights and/or claims

against any party other than the Debtor; and (2) Guo's interests in any property, including any

property of the estate(s).

11.       Guo reserves all rights of setoff and recoupment.

12.       Guo does not waive any claims against Debtor that may arise post-

petition, post-confirmation or after the conversion of this case to a case under any other chapter

of the Bankruptcy Code.

13.       The filing of this Proof of Claim is not intended and should not be

construed to be an election of remedies, waiver of any past, present or future defaults or events

of default, or a waiver or limitation of any rights, remedies, claims, or interest of Guo.

## NO CONSENT TO JURISDICTION

14.       By filing this Proof of Claim, Guo does not submit to the jurisdiction of

the Bankruptcy Court for any purpose other than with respect to the claims asserted in this Proof

of Claim, and Guo does not waive, and specifically preserves, all of its procedural and

substantive defenses (including, without limitation, any rights of setoff and recoupment) to, any

claim that may be asserted against Guo by Debtor, any trustee of Debtor's estate (including the

chapter 11 trustee), any post-confirmation estate fiduciary, or any other party.

# EXHIBIT A

PURCHASE OF
COOPERATIVE APARTMENTS 1801, 1804, 1807, 1809, 1811 (18TH FLOOR), PLUS
UNIT 2219 (SERVANT'S ROOM)
781 FIFTH AVENUE, NEW YORK, NEW YORK
BY
GENEVER HOLDINGS LLC
ON
MARCH 6, 2015

## TABLE OF CONTENTS

| ITEM | Tab |
|---|---|
| Closing Memorandum and Financial Statement | 1 |
| Contract of Sale | 2 |
| Purchaser's Original Stock Certificates, Stock Powers & Stock Receipts for 18th floor and MR 2219 | 3 |
| Purchaser's Original Proprietary Leases | 4 |
| Assignments of Proprietary Lease | 5 |
| Acceptances of Assignment and Assumption of Proprietary Lease | 6 |
| Consents to Assignment of Proprietary Lease with Common Charges statements | 7 |
| Affidavits and Agreement of Lost Proprietary Lease and Lost Stock Certificate from Seller | 8 |
| New York State Combined Real Estate Transfer Tax Return | 9 |
| New York City Real Property Transfer Tax Return with Smoke Alarm Affidavit and Affidavit in Lieu of Registration Statement | 10 |
| Seller's Report of Sales Tax Due on a Casual Sale | 11 |
| Organizational Documents and Closing Resolutions of Seller | 12 |
| Organizational Documents and Closing Resolution of Purchaser | 13 |
| Corporation Documents required of Entities: Guaranty of Agreement and Lease; Agreement and Consent with Respect to Shares and Proprietary Lease; Security Deposit Agreements; Name Affidavits/Letters | 14 |
| Opinion Letters | 15 |
| Assignment of License Agreement (with License Agreement) | 16 |
| Letter from Architect regarding Unit Combination | 17 |
| Escrow Agreement for $15,000.00 holdback on Unit Combination Work, with Architect Letter setting forth required Work | 18 |
| Cooperative Lien Search | 19 |
| Assumption of Alteration Agreement, with Alteration Agreement | 20 |
| Certificate of Non-Foreign Status | 21 |
| Insurance Certificate and Policy | 22 |
| 1099-S Form | 23 |
| Miscellaneous Corporation Documents | 24 |

2

Receipted Invoices                                          25

Copies of Checks Delivered in Connection with the Closing   26

PURCHASE OF
COOPERATIVE APARTMENTS 1801, 1804, 1807, 1809, 1811 (18TH FLOOR)
PLUS UNIT 2219 (SERVANT'S ROOM)
781 FIFTH AVENUE, NEW YORK, NEW YORK
BY
GENEVER HOLDINGS LLC
ON
MARCH 6, 2015

## CLOSING MEMORANDUM

| | |
|---|---|
| Purchaser: | Genever Holdings LLC by Genever Holdings Corporation |
| Purchaser's Counsel: | Ira Gilbert, Esq.<br>Paul, Weiss, Rifkind, Wharton & Garrison, LLP<br>1285 Avenue of the Americas<br>New York, New York 10019 |
| Seller: | Sherry 1800s, LLC |
| Seller's Counsel: | Michael Jones, Esq.:<br>Ivey Barnum & O'Mara, LLC<br>170 Mason Street<br>Greenwich, CT 06830<br>mjones@ibolaw.com<br>203-661-6000 |
| Cooperative Corporation: | The Sherry Netherland, Inc. (the "Corporation") |
| Purchase Price: | $70,000,000.00: $67,500,000.00 for Unit, $2,500,000.00 for personalty |
| Managing Agent: | Self-managed by Sherry Netherland Hotel Management – Susan Hennelly – shennelly@sherrynetherland.com<br>212-231-6811 |
| Monthly Maintenance: | $56,150.60 |
| Brokers: | Brown Harris Stevens and Sotheby's International Realty |
| Number of shares: | 3000 |

The Closing under the Contract of Sale dated February 21, 2015 took place at the offices of Cooperative Corporation on March 6, 2015.

Attending the Closing were:

Mileson Guo, Purchaser
Ira Gilbert, Esq., Purchaser's Counsel
Michael Jones, Esq., Seller's Counsel
Susan Hennelly, Managing Agent
Kathy Sloane, Broker

The Table of Contents to this Closing Binder lists the documents delivered in connection with the Closing. Also attached is a Financial Statement which describes the monetary features of the Closing.

4

## FINANCIAL STATEMENT – 18TH FLOOR

A. Purchase Price

| | |
|---|---|
| Purchase Price for Unit | $67,500,000.00 |
| Purchase Price for Personalty | 2,500,000.00 |
| Less: Contract Deposit | (7,000,000.00) |
| Balance of Purchase Price due Seller | $63,000,000.00 |

B. Adjustments

| | |
|---|---|
| Due Purchaser for March maintenance charges ($56,150.00/31=$1,811.29 x 5 days) | ($9,056.45) |
| Due Purchaser for Hallway License Fee – ($1,871.67/31=$60.38 x 5 days) | (301.88) |
| Total due Seller | $62,990,641.67 |

C. Payments Representing Total Due Seller

| | | |
|---|---|---|
| 1. | Wire in accordance with wire instructions of Seller | $62,990,741.85 |
| | | $62,990,641.67 |

D. Closing Costs Paid By or on Behalf of Purchaser

| | | |
|---|---|---|
| 1. | Bank Check of Purchaser payable to The Sherry Netherland, Inc. (March maintenance: note-we pay but receive back a 5 day adjustment in B above) | $56,150.00 |
| 2. | Bank Check of Purchaser payable to The Sherry-Netherland, Inc. (2% flip tax based on $67,500,000.00 for Unit) | $1,350,000.00 |
| 3. | Bank Check of Purchaser payable to New York State Sales Tax (8.875% of $2,500,000.00 for personalty) | $221,875.00 |
| 4. | Bank Check of Purchaser payable to The Sherry-Netherland, Inc. (maintenance escrow: $56,150.00; 60 months) | $3,369,000.00 |
| 5. | Bank Check of Purchaser payable to NYC Dept. of Finance (1% New York State mansion tax) | $675,000.00 |
| 6. | Check of Purchaser payable to Titlevest (lien search fees for 18th floor and 22nd floor maid's room) | $600.00 |
| 7. | Bank Check of Purchaser payable to The Sherry Netherland, Inc. (March hallway license fee: note-we pay but receive back adjustment in B above) | $1,871.67 |
| 8. | Bank Check of Purchaser payable to Stroock & Stroock & Lavan (Coop lawyer's fees) | $33,622.50 |
| 9. | Bank Check of Purchaser payable to Paul, Weiss, Rifkind, Wharton & Garrison, LLP (legal fees including for commercial lease and work on other possible transactions) | $275,000.00 |

**NOTE:** Seller is holding back an escrow of $15K for the estimated costs of carrying out the architect's changes if necessary for the smoke detectors, doors, pantry, emergency signs

# CASHIER'S CHECK

**0192949 7**

BNY MELLON

Date    March 05, 2015

8-26
0430.1

Amount

Pay    ONE MILLION FIVE HUNDRED SEVENTY EIGHT THOUSAND, SEVEN HUNDRED FIFTY DOLLARS AND
ZERO CENTS

$ ***1,578,750.00

To the order of    *BROWN HARRIS STEVENS RESIDENTIAL SALES LLC*********

Drawer: BNY Mellon, N.A.

Authorized
Signature

Remitter    TVFY BARNUM & O'MARA, LLC

Memo

**CASHIER'S CHECK**

0192951 0

BNY MELLON

Date March 05, 2015

8-26
0430-1

Amount

Pay FIVE HUNDRED TWENTY SIX THOUSAND TWO HUNDRED FIFTY DOLLARS AND ZERO CENTS

$ *****526,250.00

To the order of *SOTHEBY'S INTERNATIONAL REALTY*********************

Drawer: BNY Mellon, N.A.

Authorized
Signature

Remitter TWEY BARNUM & O'MARA, LLC

Memo:

**QIANG GUO**

DATE 3-6-15

PAY TO
THE ORDER OF  Stroock Stroock + Lavan                    $ 33,622 ⁵⁰

Thirty Three Thous/Six Hundred Twenty Two ᵈᵒˡˡᵃʳˢ ⁵⁰/₁₀₀           DOLLARS 🔒

**HSBC** ◆✕✕
  **Premier**

MEMO Sherry Legal Fees

**IVEY, BARNUM & O'MARA, LLC**
REAL ESTATE TRUSTEE ACCOUNT
170 MASON STREET
GREENWICH, CT 06830

BNY MELLON    BNY Mellon, N.A.
51-147/211

ONE THOUSAND FIVE HUNDRED DOLLARS and 00/100

| | DATE | AMOUNT |
|---|---|---|
| TO THE ORDER OF Stroock & Stroock & Lavan LLP | 03/06/15 | **$1,500.00** |

AUTHORIZED SIGNATURE

File Number: 19262.022MJJ

**CASHIER'S CHECK**

0192950 8

BNY MELLON

Date March 05, 2015

8-26
0430-1

Amount

For FOUR THOUSAND DOLLARS AND ZERO CENTS

$ *******4,000.00

To the order of    *THE SHERRY-NETHERLAND INC********************************

Drawer: BNY Mellon, N.A.

Authorized
Signature

Remitter  TVFY BARNUM & O'MARA, LLC

Memo

**IVEY, BARNUM & O'MARA, LLC**
REAL ESTATE TRUSTEE ACCOUNT
170 MASON STREET
GREENWICH, CT 06830

BNY MELLON   BNY Mellon, N.A.
51-147/211

O THE
RDER OF

TWENTY SIX DOLLARS and 68/100

The Sherry-Netherland, Inc.

| DATE | AMOUNT |
|------|--------|
| 03/05/15 | **$26.68** |

Balance on House Account

AUTHORIZED SIGNATURE

File Number: 19262.022MJJ

# CASHIER'S CHECK

**0192953 2**

▶ BNY MELLON

Date   March 05, 2015

8-26
0430 1

Amount

TWENTY SIX THOUSAND  DOLLARS AND  ZERO  CENTS

$ ******26,000.00

To the order of   *BROWN HARRIS STEVENS RESIDENTIAL SALES LLC*********

Drawer: BNY Mellon, N.A.

Authorized
Signature

Remitter   IVEY  BARNUM & O'MARA, LLC

Memo

**CASHIER'S CHECK**

BNY MELLON

0192948 6

Date March 05, 2015

8-26
0430 1

Amount

Pay  ONE MILLION TWO HUNDRED THIRTY ONE THOUSAND NINE HUNDRED SEVENTY FIVE DOLLARS
     AND  ZERO  CENTS

$ ***1,231,975.00

To the order of  *NYC DEPARTMENT OF FINANCE*****************************

Drawer: BNY Mellon, N.A.

Authorized
Signature

Remitter  IVEY, BARNUM & O'MARA, LLC

Memo

## CASHIER'S CHECK

**BNY MELLON**

0192952 1

Date March 05, 2015

8-26
0430 1

Amount

TWO HUNDRED THIRTY FOUR THOUSAND DOLLARS AND ZERO CENTS

To the order of    *ROMER DEBBAS LLP, AS ESCROW AGENT*******************

$ *****234,000.00

Drawer: BNY Mellon, N.A.

Remitter    IVEY, BARNUM & O'MARA, LLC

Authorized Signature

Memo

HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK

US DOLLAR DRAFT
(OFFICIAL CHECK)

No.1022602203

50-125
223

HSBC

Branch : 011

QIANG GUO
REMITTER

05Mar2015
DATE

PAY    USD THREE MILLION THREE HUNDRED SIXTY NINE THOUSAND ONLY

$    $3,369,000.00

U.S. DOLLARS

TO
THE
ORDER
OF    THE SHERRY NETHERLAND ,INC.*

Payable through HSBC Bank USA, N.A.

Drawer: HSBC Bank USA, N.A.
TWO SIGNATURES REQUIRED FOR AMOUNT $50,000 AND ABOVE

AUTHORIZED SIGNATURE

AUTHORIZED SIGNATURE

US DOLLAR DRAFT - OFFICIAL CHECK

3223435I4 REV1 01/10 8810017756

HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK

**HSBC ◆X◆**

Branch : 011

US DOLLAR DRAFT
(OFFICIAL CHECK)

50-125
223

No. 102260204

QIANG GUO
REMITTER

DATE 05Mar2015

$ $1,350,000.00

U.S. DOLLARS

**PAY** USD ONE MILLION THREE HUNDRED FIFTY THOUSAND ONLY

TO
THE
ORDER
OF
THE SHERRY NETHERLAND, INC.

Drawer: HSBC Bank USA, N.A.
TWO SIGNATURES REQUIRED FOR AMOUNT $50,000 AND ABOVE
SIGNATURE

AUTHORIZED SIGNATURE

Payable through HSBC Bank USA, N.A.

32234514 REV1 01/10 8810017756

US DOLLAR DRAFT - OFFICIAL CHECK

HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK

# HSBC ◆X

Branch : 011

US DOLLAR DRAFT
(OFFICIAL CHECK)

No. 102260205

50-125
223

QIANG GUO
REMITTER

05Mar2015
DATE

$ *56,150.00*

**PAY** USD FIFTY SIX THOUSAND ONE HUNDRED FIFTY ONLY

U.S. DOLLARS

TO
THE
ORDER
OF

THE SHERRY NETHERLAND, INC.*

Drawer: HSBC Bank USA, N.A.
TWO SIGNATURES REQUIRED FOR AMOUNT $50,000 AND ABOVE

AUTHORIZED SIGNATURE

AUTHORIZED SIGNATURE

Payable through HSBC Bank USA, N.A.

32334351 4 REV1 01/10 8810017756

US DOLLAR DRAFT - OFFICIAL CHECK

**HSBC**

Branch : 011

QIANG GUO
REMITTER

**PAY** USD ONE THOUSAND EIGHT HUNDRED AND SEVENTY ONE 67 ONLY

TO
THE
ORDER
OF

THE SHERRY NETHERLAND INC"

Payable through HSBC Bank USA, N.A.

US DOLLAR DRAFT
(OFFICIAL CHECK)

No.102260206

50-125
223

05Mar2015
DATE

$ $1,871.67
U.S. DOLLARS

Drawer: HSBC Bank USA, N.A.
TWO SIGNATURES REQUIRED FOR AMOUNT $50,000 AND ABOVE

AUTHORIZED SIGNATURE

AUTHORIZED SIGNATURE

HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK

Security
feature
Details on
Back

3223435t4 REV1 01/10 8810017756

US DOLLAR DRAFT - OFFICIAL CHECK

HOLD DOCUMENT UP TO THE LIGHT TO VIEW 'TRUE WATERMARK

**HSBC** ◆

Branch : 011

QIANG GUO
REMITTER

**PAY** USD SIX HUNDRED SEVENTY FIVE THOUSAND ONLY

TO
THE
ORDER
OF

NYC DEPT OF FINANCE*

Payable through HSBC Bank USA, N.A.

US DOLLAR DRAFT
(OFFICIAL CHECK)

50-185
223

No.102260211

$675,000.00

$

U.S. DOLLARS

Drawer: HSBC Bank USA, N.A.
TWO SIGNATURES REQUIRED FOR AMOUNT $50,000 AND ABOVE

AUTHORIZED SIGNATURE

AUTHORIZED SIGNATURE

05Mar2015
DATE

32234351A REV1 01/10 8810017756

US DOLLAR DRAFT - OFFICIAL CHECK

HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK

**HSBC** ⟨X⟩

Branch : 011

US DOLLAR DRAFT
(OFFICIAL CHECK)

50-125
223

No.102260210

QIANG GUO
REMITTER

05Mar2015
DATE

$221,875.00

**PAY**   USD TWO HUNDRED AND TWENTY ONE THOUSAND EIGHT HUNDRED SEVENTY
FIVE ONLY

U.S. DOLLARS

TO
THE
ORDER
OF

NEW YORK STATE SALES TAX*

Drawer: HSBC Bank USA, N.A.
TWO SIGNATURES REQUIRED FOR AMOUNT $50,000 AND ABOVE

AUTHORIZED SIGNATURE

AUTHORIZED SIGNATURE

MP

MP

Payable through HSBC Bank USA, N.A.

Security
features
visible on
Back

32234351 REV1 01/10 881001775S

US DOLLAR DRAFT - OFFICIAL CHECK





THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

**PAUL WEISS RIFKIND WHARTON & GARRISON LLP**
**ATTORNEY TRUST ACCOUNT**
**1285 AVENUE OF THE AMERICAS**
**NEW YORK, NY 10019-6064**

CITIBANK, N.A. BR#852
666 FIFTH AVENUE
NEW YORK, NY 10103

CHECK NUMBER: **21186**
CHECK DATE:    03/18/2015

1-8
210  852

$100.18

PAY    **One Hundred Dollars and 18/100**

TWO SIGNATURES REQUIRED IN EXCESS OF $10,000

AUTHORIZED SIGNATURE

TO
THE       **Qiang Guo**
ORDER
OF

AUTHORIZED SIGNATURE

🖐 SECURITY FEATURES INCLUDED. DETAILS ON BACK. 🖐



ORIGINAL DOCUMENT PRINTED ON CHEMICAL REACTIVE PAPER WITH MICROPRINTED BORDER

**ROMER DEBBAS LLP**
**ATTORNEY TRUST ACCOUNT**
**275 MADISON AVENUE  8TH FLOOR**
**NEW YORK, NY 10016-1101**
**ESCROW PLAN # 975180**

Valley National Bank

1323

55-139/212                        3/6/2015

PAY TO THE
ORDER OF    Qiang Guo                               $ **150.95**

One Hundred Fifty and 95/100************************************************ DOLLARS

Qiang Guo                          VNB ESCROW PLUS

MEMO

Furman.Sale

THIS DOCUMENT CONTAINS HEAT SENSITIVE INK. TOUCH OR PRESS HERE - RED IMAGE DISAPPEARS WITH HEAT.

PURCHASE OF
UNIT 719 (SERVANT'S ROOM)
781 FIFTH AVENUE, NEW YORK, NEW YORK
BY
GENEVER HOLDINGS LLC
ON
MARCH 6, 2015

## TABLE OF CONTENTS

| ITEM | Tab |
|---|---|
| Closing Memorandum and Financial Statement | 1 |
| Contract of Sale | 2 |
| Purchaser's Original Stock Certificate, Stock Power & Stock Receipt | 3 |
| Purchaser's Original Proprietary Lease | 4 |
| Assignment of Proprietary Lease | 5 |
| Acceptance of Assignment and Assumption of Proprietary Lease | 6 |
| Consent to Assignment of Proprietary Lease, with Common Charges statement | 7 |
| Cancelled Stock Certificate and Proprietary Lease of Seller | 8 |
| New York State Combined Real Estate Transfer Tax Return | 9 |
| New York City Real Property Transfer Tax Return with Smoke Alarm Affidavit and Affidavit in Lieu of Registration | 10 |
| Cooperative Lien Search | 11 |
| Security Deposit Agreement | 12 |
| Designation of Authorized Person by Genever Holdings LLC | 13 |
| Opinion Letter for Seller Trust (with statement of authority to sell) | 14 |
| 1099-S Form | 15 |
| Receipted Invoices | 16 |
| Copies of Checks Delivered in Connection with the Closing | 17 |

2

PURCHASE OF
UNIT 719 (SERVANT'S ROOM)
781 FIFTH AVENUE, NEW YORK, NEW YORK
BY
GENEVER HOLDINGS LLC
ON
MARCH 6, 2015

<u>CLOSING MEMORANDUM</u>

| | |
|---|---|
| Purchaser: | Genever Holdings LLC |
| Purchaser's Counsel: | Ira Gilbert, Esq.<br>Paul, Weiss, Rifkind, Wharton & Garrison, LLP<br>1285 Avenue of the Americas<br>New York, New York  10019 |
| Seller: | Roy Furman |
| Seller's Counsel: | Jules Levy, Esq. and Matthew Melnick, Esq.<br>Romer Debbas, LLP<br>275 Madison Avenue, Suite 801<br>New York, New York  10016 |
| Cooperative Corporation: | The Sherry Netherland, Inc. (the "Corporation") |
| Purchase Price: | $260,000.00 |
| Managing Agent: | Self-managed by Sherry Netherland Hotel<br>Management – Susan Hennelly –<br>shennelly@sherrynetherland.com<br>212-231-6811 |
| Monthly Maintenance: | $935.83 |
| Brokers: | Brown Harris Stevens and The Sherry-Netherland, Inc. |
| Number of shares: | 50 |

The Closing under the Contract of Sale dated March 6,  2015 took place at the offices of Cooperative Corporation on March 6, 2015.

Attending the Closing were:

Mileson Guo, Purchaser
Ira Gilbert, Esq., Purchaser's Counsel
Matthew Melnick, Esq., Seller's Counsel
Susan Hennelly, Managing Agent
Kathy Sloane, Broker

The Table of Contents to this Closing Binder lists the documents delivered in connection with the Closing.  Also attached is a Financial Statement which describes the monetary features of the Closing.

3

## FINANCIAL STATEMENT

A.   <u>Purchase Price</u>

|                                                     |                  |
|-----------------------------------------------------|------------------|
| Purchase Price for Unit                             | $260,000.00      |
| Less:  Contract Deposit                             | - <u>26,000.00</u> |
| Balance of Purchase Price due Seller                | <u>$234,000.00</u> |

B.   <u>Adjustment</u>

|                                                                                |                    |
|--------------------------------------------------------------------------------|--------------------|
| Due Purchaser for March maintenance charges ($935.83; $30.19/day x 5 days)     | <u>$150.95</u>     |
| Total due Seller                                                               | <u>$234,000.00</u> |

C.   <u>Payments Representing Total Due Seller</u>

|                                                                       |              |
|-----------------------------------------------------------------------|--------------|
| Bank Check of Purchaser payable to Romer Debbas LLP, as Escrow Agent   | $234,000.00  |
| 2.   Check of Seller's Counsel payable to Qiang Guo                   | (<u>$150.95)</u> |
|                                                                       | <u>$233,849.05</u> |

D.   <u>Closing Costs Paid By or on Behalf of Purchaser</u>

|                                                                                                            |              |
|------------------------------------------------------------------------------------------------------------|--------------|
| 1.   Check of Purchaser payable to The Sherry Netherland, Inc. (March maintenance)                         | $935.83      |
| 2.   Check of Purchaser payable to Titlevest  (lien search fee- for Units 319 and 719)                      | $600.00      |
| 3.   Bank Check of Purchaser payable to The Sherry-Netherland, Inc. (2% flip tax)                          | $5,200.00    |
| 4.   Bank Check of Purchaser payable to The Sherry-Netherland, Inc. (maintenance escrow: $935.83/month x 60 months) | $56,150.00   |

**HSBC**

Branch : 011

US DOLLAR DRAFT
(OFFICIAL CHECK)

No. 102260208

50-125
2293

HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK

QIANG GUO
REMITTER

PAY    USD FIVE THOUSAND TWO HUNDRED ONLY

$    $5,200.00
U.S. DOLLARS

05Mar2015
DATE

TO
THE
ORDER
OF    THE SHERRY NETHERLAND, INC.*

Payable through HSBC Bank USA, N.A.

Drawer: HSBC Bank USA, N.A.

TWO SIGNATURES REQUIRED FOR ANY AMOUNT $50,000 AND ABOVE

AUTHORIZED SIGNATURE

AUTHORIZED SIGNATURE

Security
Features
Details is on
Back

32293435I4 REV1 01/10 8810017756

US DOLLAR DRAFT - OFFICIAL CHECK

HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK

**HSBC**

Branch : 011

US DOLLAR DRAFT
(OFFICIAL CHECK)

No. 102260207

50-125
223

QIANG GUO
REMITTER

05Mar2015
DATE

**PAY**   USD FIFTY SIX THOUSAND ONE HUNDRED FIFTY ONLY

$   $56,150.00
U.S. DOLLARS

TO
THE
ORDER
OF    THE SHERRY NETHERLAND, INC*

Drawer: HSBC Bank USA, N.A.
TWO SIGNATURES REQUIRED FOR AMOUNT $50,000 AND ABOVE

AUTHORIZED SIGNATURE   MP

AUTHORIZED SIGNATURE   MP

Security
Features
Details on
Back

Payable through HSBC Bank USA, N.A.

32234351-4 REV1 01/10 8810017756

HSBC ⬡⬡

Branch 011

US DOLLAR DRAFT
(OFFICIAL CHECK)

No.102260209

50-132
232

QIANG GUO
REMITTER

PAY    USD NINE HUNDRED AND THIRTY FIVE 83 ONLY

TO
THE
ORDER
OF

THE SHERRY-NETHERLAND, INC*

05Mar2015
DATE

$    $935.83

U.S. DOLLARS

Drawer: HSBC Bank USA, N.A.
TWO SIGNATURES REQUIRED FOR AMOUNT $50,000 AND ABOVE

AUTHORIZED SIGNATURE

AUTHORIZED SIGNATURE

Payable through HSBC Bank USA, N.A.

HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK

32234351A REV1 01/10 881001775G

US DOLLAR DRAFT - OFFICIAL CHECK

QIANG GUO

15-170/540

**162**

DATE 3-5-15

PAY TO
THE ORDER OF  Title vest                              $ 600 ⁰⁰

Six hundred  ⁰⁰/100                              DOLLARS

HSBC ◆X◆
Premier

MEMO Nads con lien Sech                          MP

**ROMER DEBBAS LLP**
**ATTORNEY TRUST ACCOUNT**
275 MADISON AVENUE  8th FLOOR
NEW YORK, NY 10016-1101
**ESCROW PLAN # 975180**

Valley National Bank

55-138/212

3/6/2015

PAY TO THE ORDER OF    Qiang Guo                                                                $ **150.95

One Hundred Fifty and 95/100**************************************************************************    DOLLARS

Qiang Guo                                              VNB ESCROW PLUS

MEMO    Furman.Sale

THIS DOCUMENT CONTAINS HEAT SENSITIVE INK.  TOUCH OR PRESS HERE - RED IMAGE DISAPPEARS WITH HEAT.

---

ORIGINAL DOCUMENT PRINTED ON CHEMICAL REACTIVE PAPER WITH MICROPRINTED BORDER

**1324**

**ROMER DEBBAS LLP**
**ATTORNEY TRUST ACCOUNT**
275 MADISON AVENUE  8th FLOOR
NEW YORK, NY 10016-1101
**ESCROW PLAN # 975180**

Valley National Bank

55-138/212

3/6/2015

TO THE ER OF    TitleVest                                                                $ **3,800.00

Three Thousand Eight Hundred and 00/100**************************************************************    DOLLARS

TitleVest                                              VNB ESCROW PLUS

MEMO    Furman.Sale

THIS DOCUMENT CONTAINS HEAT SENSITIVE INK.  TOUCH OR PRESS HERE - RED IMAGE DISAPPEARS WITH HEAT.

---

ORIGINAL DOCUMENT PRINTED ON CHEMICAL REACTIVE PAPER WITH MICROPRINTED BORDER

**1325**

**ROMER DEBBAS LLP**
**ATTORNEY TRUST ACCOUNT**
275 MADISON AVENUE  8th FLOOR
NEW YORK, NY 10016-1101
**ESCROW PLAN # 975180**

Valley National Bank

55-138/212

3/6/2015

PAY TO THE ORDER OF    The Sherry-Netherland, Inc.                                                $ **2,000.00

Two Thousand and 00/100****************************************************************************    DOLLARS

The Sherry-Netherland, Inc.                                    VNB ESCROW PLUS

MEMO    Furman.Sale

THIS DOCUMENT CONTAINS HEAT SENSITIVE INK.  TOUCH OR PRESS HERE - RED IMAGE DISAPPEARS WITH HEAT.

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

**PAUL WEISS RIFKIND WHARTON & GARRISON LLP**
**ATTORNEY TRUST ACCOUNT**
**1285 AVENUE OF THE AMERICAS**
**NEW YORK, NY 10019-6064**

CITIBANK, N.A. BR#852
666 FIFTH AVENUE
NEW YORK, NY 10103

CHECK NUMBER: **21186**
CHECK DATE: **03/18/2015**

1-8  852
210

**$100.18**

PAY   One Hundred Dollars and 18/100

TWO SIGNATURES REQUIRED IN EXCESS OF $10,000

TO
THE
ORDER
OF   **Qiang Guo**

AUTHORIZED SIGNATURE

AUTHORIZED SIGNATURE

SECURITY FEATURES INCLUDED. DETAILS ON BACK.

---

ORIGINAL DOCUMENT PRINTED ON CHEMICAL REACTIVE PAPER WITH MICROPRINTED BORDER

**ROMER DEBBAS LLP**
**ATTORNEY TRUST ACCOUNT**
**275 MADISON AVENUE  8TH FLOOR**
**NEW YORK, NY 10016-1101**
**ESCROW PLAN # 975180**

Valley National Bank

55-138/212

1323

3/6/2015

PAY TO THE
ORDER OF   Qiang Guo                                                           $  **150.95**

One Hundred Fifty and 95/100*********************************************************** DOLLARS

Qiang Guo

VNB ESCROW PLUS

MEMO
Furman.Sale

THIS DOCUMENT CONTAINS HEAT SENSITIVE INK. TOUCH OR PRESS HERE - RED IMAGE DISAPPEARS WITH HEAT.

Maids Room

1326

**ROMER DEBBAS LLP**
**ATTORNEY TRUST ACCOUNT**
275 MADISON AVENUE  8tH FLOOR
NEW YORK, NY 10016-1101
**ESCROW PLAN # 975180**

Valley National Bank

55-138/212

3/6/2015

PAY TO THE
ORDER OF    Stroock Stroock & Lavan LLP                                        $ **1,000.00

One Thousand and 00/100************************************************************************************    DOLLARS

Stroock Stroock & Lavan LLP                          VNB ESCROW PLUS

MEMO
          Furman.Sale
THIS DOCUMENT CONTAINS HEAT SENSITIVE INK.  TOUCH OR PRESS HERE - RED IMAGE DISAPPEARS WITH HEAT.

---

ORIGINAL DOCUMENT PRINTED ON CHEMICAL REACTIVE PAPER WITH MICROPRINTED BORDER

1327

**ROMER DEBBAS LLP**
**ATTORNEY TRUST ACCOUNT**
275 MADISON AVENUE  8tH FLOOR
NEW YORK, NY 10016-1101
**ESCROW PLAN # 975180**

Valley National Bank

55-138/212

3/6/2015

PAY TO THE
ORDER OF    NYS Income Tax                                        $ **2,459.00

Two Thousand Four Hundred Fifty-Nine and 00/100**********************************************************************    DOLLARS

NYS Income Tax                          VNB ESCROW PLUS

MEMO
          Furman.Sale
THIS DOCUMENT CONTAINS HEAT SENSITIVE INK.  TOUCH OR PRESS HERE - RED IMAGE DISAPPEARS WITH HEAT.

**CASHIER'S CHECK**

0192952 1

BNY MELLON

Date March 05, 2015

8-26
0430.1

Amount

Pay TWO HUNDRED THIRTY FOUR THOUSAND DOLLARS AND ZERO CENTS

$ *****234,000.00

To the order of *ROMER DEBBAS LLP, AS ESCROW AGENT*******************

Drawer: BNY Mellon, N.A.

Remitter IVEY, BARNUM & O'MARA, LLC

Authorized
Signature

Memo



**UBS AG**
Hong Kong Branch
52/F Two International Finance Centre
8 Finance Street
Central, Hong Kong
www.ubs.com
Tel. +852-2971 8888
Fax. +852-2971 8001

BRAVO LUCK LIMITED

BRAVO LUCK LIMITED
中国北京市朝阳区
北四环中路27号
盘古大观A座37层
邮编100101

Portfolio no.
Currency Account no.

# Debit Advice

Produced on     4 March 2015

**Information & References**

| | |
|---|---|
| Our ref. | D/063,32973,00 |
| Order date | 04 Mar 2015 |
| Value date | 04 Mar 2015 |

**Description**

In favor of

IVEY BARNUM AND O'MARA, LLC
TRUSTEE ACCOUNT

USD 6,990,741.85

Account with

THE BANK OF NEW YORK MELLON
NEW YORK,NY

Payment detail     BUY A PROPERTY IN NEW YORK

| Details | Amount | Currency |
|---|---|---|
| Debit Transaction | 62,990,741.85 | USD |
| Charges | 50.00 | USD |
| **Net Amount Due** | **62,990,791.85** | **USD** |

On value date we debit your account

If we do not hear from you to the contrary within 14 days from the date of this confirmation, it will be deemed to have been
accepted by you.

Kind regards
UBS AG

Form without signature     Page 1 / 1

459

19560187844

 **UBS**

**UBS AG**
Hong Kong Branch
52/F Two International Finance Centre
8 Finance Street
Central, Hong Kong
www.ubs.com
Tel. +852-2971 8888
Fax. +852-2971 8001

BRAVO LUCK LIMITED

BRAVO LUCK LIMITED
中国北京市朝阳区
北四环中路27号
盘古大观A座37层
邮编100101

Portfolio no.
Currency Account no. 

# Debit Advice

Produced on    5 March 2015

**Information & References**
Our ref.        D/064,33067,00
Order date      05 Mar 2015
Value date      05 Mar 2015

**Description**
In favor of

GUO QIANG

Account with    HSBC BANK USA, N.A.
                NEW YORK,NY

Payment detail  FOR OWN EXPENSE

| Details | Amount | Currency |
| --- | --- | --- |
| Debit Transaction | 6,300,000.00 | USD |
| Charges | 50.00 | USD |
| **Net Amount Due** | **6,300,050.00** | **USD** |

On value date we debit your account

If we do not hear from you to the contrary within 14 days from the date of this confirmation, it will be deemed to have been accepted by you.

Kind regards
UBS AG

Form without signature                                    Page 1 / 1

775                                                    19570213476

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                            :

In re:                         :    Chapter 11
                            :

HO WAN KWOK, *et al.*,[1]      :    Case No. 22-50073 (JAM)
                            :

         Debtors.        :    (Jointly Administered)
                            :
-------------------------------------------------------x

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 31, 2023, the foregoing Objection, and all declarations, exhibits and attachments thereto, was electronically filed.  Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("<u>CM/ECF</u>") system or by mail to anyone unable to accept electronic filing as

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

indicated on the Notice of Electronic Filing.  In addition, a copy of the Objection was served on

Qiang Guo, at the address he provided as a notice address on the Disputed Claim form, Berkeley

Rowe, Marble Arch Park House, 116 Park St., Mayfair, London UK W1K 6SS, by overnight mail.

Parties may access this filing through the Court's CM/ECF system.

Dated:     March 31, 2023
          New Haven, Connecticut

                                 By: */s/ Douglass Barron*
                                   Avram E. Luft (admitted *pro hac vice*)
                                   Douglass Barron (admitted *pro hac vice*)
                                   PAUL HASTINGS LLP
                                   200 Park Avenue
                                   New York, New York 10166
                                   (212) 318-6079
                                   aviluft@paulhastings.com
                                   douglassbarron@paulhastings.com

                                       *and*

                                   Nicholas A. Bassett (admitted *pro hac vice*)
                                   PAUL HASTINGS LLP
                                   2050 M Street NW
                                   Washington, D.C., 20036
                                   (202) 551-1902
                                   nicholasbassett@paulhastings.com

                                       *and*

                                   Douglas S. Skalka (ct00616)
                                   Patrick R. Linsey (ct29437)
                                   NEUBERT, PEPE & MONTEITH, P.C.
                                   195 Church Street, 13th Floor
                                   New Haven, Connecticut 06510
                                   (203) 781-2847
                                   dskalka@npmlaw.com
                                   plinsey@npmlaw.com

                                   *Counsel for Genever Holdings LLC*